BNDLFL,CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: <u>1:21−mj−02178−CMM</u> All Defendants

Case title: USA v. Baid

Other court case number: 1:21−mj−00110−CLP−1 USDC for the Eastern District of New York

Date Filed: 01/29/2021

Date Terminated: 02/18/2021

---

Assigned to: Magistrate Judge Chris M. McAliley

| | | |
|---|---|---|
| **Defendant (1)** | | |
| **Pushpesh Kumar Baid** | represented by | **Dorothy Camille Kafka** |
| 21172−104 | | Coffey Burlington, P.L. |
| *YOB: 1981; ENGLISH* | | 2601 South Bayshore Drive |
| *TERMINATED: 02/18/2021* | | Ste Ph−1 |
| *also known as* | | Miami, FL 33133 |
| PK Jain | | 305−858−2900 |
| *TERMINATED: 02/18/2021* | | Email: dkafka@coffeyburlington.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Temporary* |
| | | |
| | | **Fernando LaTour Tamayo** |
| | | Coffey Burlington |
| | | 2601 South Bayshore Drive |
| | | Penthouse One |
| | | Miami, FL 33133 |
| | | 306−858−2900 |
| | | Email: ftamayo@coffeyburlington.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Temporary* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level**

**(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| WARR/COMPLAINT/USDC for the ED/NY:18:1349.F– Conspiracy to commit wire fraud | |

**Plaintiff**

USA

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/29/2021 | 1 | | Magistrate Removal of Complaint from USDC for the Eastern District of New York Case number in the other District 1:21−mj−00110−CLP−1 as to Pushpesh Kumar Baid (1). (jao) (Entered: 01/29/2021) |
| 01/29/2021 | 2 | | Minute Order for proceedings held before Magistrate Judge Chris M. McAliley: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Pushpesh Kumar Baid held on 1/29/2021. Date of Arrest or Surrender: 1/28/21. The defendant stipulated to detention with the right to revisit. Detention Hearing set for 2/3/2021 10:00 AM in Miami Division before MIA Duty Magistrate. Removal Hearing set for 2/3/2021 10:00 AM in Miami Division before MIA Duty Magistrate. Temporary Attorney added: Dorothy Camille Kafka for Pushpesh Kumar Baid. (Digital 14:47:40) Signed by Magistrate Judge Chris M. McAliley on 1/29/2021. (cg1) (Entered: 02/01/2021) |
| 02/03/2021 | 3 | | Minute Entry for proceedings held before Magistrate Judge Jonathan Goodman: Status re PTD/Removal as to Pushpesh Kumar Baid held on 2/3/2021, ( Detention Hearing set for 2/9/2021 10:00 AM in Miami Division before MIA Duty Magistrate., Removal Hearing set for 2/9/2021 10:00 AM in Miami Division before MIA Duty Magistrate.). (Digital JG_01_02−03−2021/ZOOM (12:279m)) (dgj) Modified text on 2/3/2021 (dgj). (Entered: 02/03/2021) |
| 02/09/2021 | 4 | | Minute Entry for proceedings held before Magistrate Judge Alicia M. Otazo−Reyes: Status Conference re: detention/removal as to Pushpesh Kumar Baid held on 2/9/2021. Bond set at Continued Temporary Pretrial Detention. Detention Hearing reset for 2/18/2021 10:00 AM in Miami Division before MIA Duty Magistrate. Removal Hearing reset for 2/18/2021 10:00 AM in Miami Division before MIA Duty Magistrate.) Temporary Attorney added: Fernando LaTour Tamayo for Pushpesh Kumar Baid (Digital 10:59:38) (cg1) (Entered: 02/09/2021) |
| 02/18/2021 | 5 | | Minute Entry for proceedings held before Magistrate Judge Lauren Fleischer Louis: Status Conference re: removal as to Pushpesh Kumar Baid held on 2/18/2021. Bond set as to Pushpesh Kumar Baid (1) Court sets $300,000 Csb and $200,000 Psb. Defendant waived removal hearing. Defendant removed to the ED/NY. (Digital 11:10:58) (cg1) (Main Document 5 replaced on 2/23/2021) (aw). (Main Document 5 replaced on 2/23/2021) (aw). (Entered: 02/19/2021) |

| 02/18/2021 | 6 | | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Pushpesh Kumar Baid (cg1) (Entered: 02/19/2021) |
|---|---|---|---|
| 02/18/2021 | 7 | | ORDER OF REMOVAL ISSUED to the Eastern District of New York as to Pushpesh Kumar Baid. Closing Case for Defendant. Signed by Magistrate Judge Lauren Fleischer Louis on 2/18/2021. *See attached document for full details.* (cg1) (Entered: 02/19/2021) |
| 02/23/2021 | 8 | | $200,000.00 PSB Bond Entered as to Pushpesh Kumar Baid Approved by Magistrate Judge Lauren Fleischer Louis. *Please see bond image for conditions of release.* (cg1) (Additional attachment(s) added on 2/24/2021: # 1 Restricted Bond with 7th Page) (cg1). (Entered: 02/24/2021) |
| | | | *Main Document* |
| | | | Attachment # 1 *Restricted Bond with 7th Page (Not Attached)* |
| 02/23/2021 | 9 | | $300,000.00 CSB Bond Entered as to Pushpesh Kumar Baid Approved by Magistrate Judge Lauren Fleischer Louis. *Please see bond image for conditions of release.* (cg1) (Additional attachment(s) added on 2/24/2021: # 1 Restricted Bond with 7th Page) (cg1). (Entered: 02/24/2021) |
| | | | *Main Document* |
| | | | Attachment # 1 *Restricted Bond with 7th Page (Not Attached)* |

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

FILED BY ___JAO___ D.C.

**Jan 29, 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| PUSHPESH KUMAR BAID, | ) Case No.   21-MJ-110 |
| also known as, "PK Jain," | ) |
| | ) |
| | )    **1:21-2178-MJ-MCALILEY** |
| | ) |

_____
*Defendant*

## ARREST WARRANT

To:  Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*  PUSHPESH KUMAR BAID, also known as, "PK Jain"  ,

who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment ❏ Superseding Indictment ❏ Information ❏ Superseding Information ✔ Complaint
❏ Probation Violation Petition ❏ Supervised Release Violation Petition ❏ Violation Notice ❏ Order of the Court

This offense is briefly described as follows:

Conspiracy to commit wire fraud (18 U.S.C. § 1349)

Date:  01/27/2021

*Cheryl L. Pollak*
*Issuing officer's signature*

City and state:  Brooklyn, NY

Hon. Cheryl L. Pollak
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . <br><br> Date: _____            _____ <br>                                       *Arresting officer's signature* <br><br>                                       *Printed name and title* |

AES/DG
F. #2019R01319

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

      - against -

PUSHPESH KUMAR BAID,
also known as, "PK Jain,"

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TO BE FILED UNDER SEAL

COMPLAINT AND AFFIDAVIT IN
SUPPORT OF APPLICATION FOR
ARREST WARRANT
(18 U.S.C. § 1349)

21-MJ-110

EASTERN DISTRICT OF NEW YORK, SS:

          CHRISTOPHER YOUN, being duly sworn, deposes and says that he is a Special

Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and

acting as such.

          Upon information and belief, in or about and between April 2017 and October

2019, both dates being approximate and inclusive, within the Eastern District of New York and

elsewhere, the defendant PUSHPESH KUMAR BAID, also known as "PK Jain," together with

others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud, and

to obtain money and property by means of one or more materially false and fraudulent pretenses,

representations and promises, and for the purpose of executing such scheme and artifice,

transmitted and caused to be transmitted by means of wire communication in interstate and

foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:

1.       I have been employed as a Special Agent with the FBI for approximately three years.   While working for the FBI, I have participated in numerous investigations of criminal activity, and I am assigned to a squad tasked with investigating white collar crime, including securities fraud, wire fraud, mail fraud and money laundering, among other offenses. During the course of these investigations, I have conducted or participated in surveillance, undercover operations, the execution of search warrants and arrest warrants, debriefings of informants, interviews of witnesses, victims, and subjects, and reviews of recorded conversations and financial records.

2.       I am familiar with the facts and circumstances set forth below from, among other things: (a) my personal participation in the investigation of this case, (b) discussions with other law enforcement agents involved in this investigation and (c) my review of emails, bank records and other sources of evidence.

3.       Except as explicitly set forth below, I have not distinguished in this affidavit between facts of which I have personal knowledge and facts of which I learned from other law enforcement agents.   Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest the defendant PUSHPESH KUMAR BAID, I have not set forth each and every fact learned during the course of this investigation.   Instead, I have set

2

forth only those facts that I believe are necessary to establish probable cause for the arrest warrant sought herein.   In addition, where the contents of documents, or the actions, statements and conversations of others are reported herein, they are reported in sum and substance and in part, except where otherwise indicated.

I.       The Defendant and Relevant Entities

4.       The "Company," an entity the identity of which is known to your affiant, was a Limited Liability Company ("LLC") that was headquartered in Florida and had offices in New York, New York.   The Company, which registered as an LLC in Florida in or about August 2016, represented itself on its website and in marketing materials as a factoring company. Factoring involves the sale of an invoice to a third-party for a discount.   In a factoring transaction, the seller of an invoice obtains immediate funding from a buyer, and the buyer of an invoice makes a profit when the invoice is paid in full.   The Company purported to be in the business of buying invoices.

5.       The defendant PUSHPESH KUMAR BAID, also known as "PK Jain," was a citizen of India and a resident of Florida.   The defendant was the Business Head of the Company.   In or about January 2017, BAID filed a petition in Florida state court to legally change his name to "Pushpesh Jain."   In his petition, BAID stated that he was the President of an entity called "Baid Global LLC" based in Florida.

6.       "Co-Conspirator 1," an individual whose identity is known to your affiant, was a citizen and resident of India.   Co-Conspirator 1 was the Chief Operating Officer of the Company.

3

7.      "Co-Conspirator 2," an individual whose identity is known to your affiant, was a citizen of India.   Co-Conspirator 2 was a partial owner of the Company.

8.      "Co-Conspirator 3," an individual whose identity is known to your affiant, was a citizen of India.   Co-Conspirator 3 was a partial owner of the Company.

9.      "Individual 1," an individual whose identity is known to your affiant, was a resident of Queens, New York.   Individual 1 was the Managing Director of the Company.

10.      "Individual 2," an individual whose identity is known to your affiant, was a resident of New Jersey.   Individual 2 was listed as the authorized person to manage the Company in its August 2016 articles of organization and identified as a Company representative in numerous Company documents, including contracts that were signed in Individual 2's name on behalf of the Company.   Individual 2 was an employee at an international bank and a friend of the defendant PUSHPESH KUMAR BAID.

11.      The "Investment Firm," an entity the identity of which is known to your affiant, was a Delaware Limited Liability Company controlled by two brothers ("Principal 1" and "Principal 2" and, collectively, the "Principals").   The Principals worked with a financial executive ("Executive 1"), who helped run the Investment Firm.   The Investment Firm made investments on behalf of approximately 50 investors.

12.      "Affiliate 1," an entity the identity of which is known to your affiant, was an affiliate of the Investment Firm and controlled by the Principals.

13.      "Bank 1," an entity the identity of which is known to your affiant, is a bank headquartered in New York.

14.     "Bank 2," an entity the identity of which is known to your affiant, is a bank headquartered in Maryland.

II.     The Fraudulent Scheme

    A.     Overview

15.     In or about and between April 2017 and October 2019, the defendant PUSHPESH KUMAR BAID, together with others, conspired to defraud the Investment Firm, its investors and the Principals, by inducing the Investment Firm to invest in the Company through a series of material misrepresentations about, among other things, the individuals who purportedly operated the Company; the nature of the Company's business; the relationship between the Company and the entities with which it was purportedly factoring invoices; and the ways in which the Investment Firm's investments in the Company would be used.

16.     In or about and between March 2018 and October 2019, the Investment Firm invested approximately $108 million in the Company for the purpose of factoring invoices. In or about July 2019, the Investment Firm stopped receiving payments on invoices it had factored through the Company.   At that time, the Investment Firm had approximately $31 million in unpaid invoices outstanding.   To date, the Investment Firm has not received payments on those invoices.   In or about April 2020, the Investment Firm filed for bankruptcy.

    B.     The Company's Purported Factoring Business

17.     The Company represented itself as an international factoring company run by an executive team experienced in trade finance and specializing in factoring invoices of companies in particular industries and geographic regions.

5

18.     For example, on or about April 25, 2017, the defendant PUSHPESH
KUMAR BAID emailed an insurance broker, an entity the identity of which is known to your
affiant, a presentation purporting to summarize the Company's business.   The presentation
stated that the Company had been factoring invoices since July 2016 and that it factored invoices
totaling $2 million per month for approximately 50 "insured business houses."   The presentation
listed Individual 2 as the Company's President and Chief Executive Officer and stated that
Individual 2 had previously worked at two of the largest international banks in the world.   The
presentation listed BAID as the Company's "Business Head" and identified him using only his
alias, "PK Jain."

19.     In or about late 2017, the Principals of the Investment Firm began
speaking with Individual 1 about a potential business relationship between the Investment Firm
and the Company.   Individual 1 was the Managing Director of the Company and had previously
worked with the Principals on unrelated business projects.

20.     On or about November 1, 2017, Individual 1 emailed the Principals and
Executive 1 a document purporting to summarize the Company's business and describing the
terms under which entities, such as the Investment Firm, could participate in factoring invoices
through the Company (the "Participation Summary").   According to the Participation Summary,
the Company would enter into a "Master Participation Agreement" with a participant authorizing
the Company "to invest on [the participant's] behalf in credit insured, non-recourse factored
invoices covering shipments from Indian based sellers to purchasers in Hong Kong, UAE and
Singapore."   The Participation Summary further stated that the Company would "compile a
weekly listing of invoices for 'in transit' merchandise that will be eligible for factoring the

6

subsequent week.   Each participant will have the option to select a participation program by invoice or simply opt to invest a fixed percentage (10% to 90%) of the advanced amount in all invoices or a subset of invoices."   The Participation Summary stated that "invoices are factored and advances of 80% of full merchandise invoice value are paid to seller only after documentary acceptance occurs at the purchaser's facility."

21.     According to the Participation Summary, the Company "was started by a team of professionals with extensive knowledge and experience in international trade finance and [was] led by an experienced executive management team with successful track record of building a multi-million USD receivable finance business in emerging markets."   The Participation Summary further stated that the Company's "clients are small to medium sized export houses in India selling goods and services to 'credit insured corporates' in USA, UK, UAE, Hong Kong & Singapore" and that its corporate structure was "AML [Anti-Money Laundering] rule compliant."

22.     In a section titled "Risk Management and Mitigation," the Participation Summary stated, among other things, that money would be advanced to sellers "only after irrevocable documented acceptance of goods by the purchaser is received by [the Company]."

23.     With regard to the sellers whose invoices the Company factored, the Participation Summary stated they were reputed businesses in India.   With regard to the buyers who purchased goods sold by the sellers, the Participation Summary stated that they were "all reputed parties located in legally strong jurisdictions like Dubai, Singapore and Hong Kong."

7

C.     The Company's Factoring Relationship with The Investment Firm

24.     In or about November 2017, Principal 1 had a phone conversation with Co-Conspirator 1 and Individual 1 to continue discussions about the Company's factoring business.   During the call, Co-Conspirator 1 stated, in sum and substance, that the sellers whose invoices the Company factored were based in India and that the buyers who purchased goods sold by the sellers were mostly based in Hong Kong, Dubai and Singapore.   Co-Conspirator 1 further stated that the Company did not want to work with many new sellers because it preferred to work with sellers with whom it already had a relationship.

25.     In or about and between November 2017 and February 2018, the Investment Firm and the Company continued negotiations and discussed entering into a Master Participation Agreement.   During the negotiation period, representatives of the Company stated, in sum and substance and in part, that (i) the Company factored only invoices for which buyers received shipments for sellers; (ii) the sellers and buyers were independent from one another; (iii) each seller had hundreds of buyers; (iv) each seller factored only a subset of its business; and (v) the prices on the sellers' invoices were wholesale.   In addition, representatives of the Company provided representatives of the Investment Firm with, among other things, registers listing invoices it had factored and copies of its bank statements.

26.     In or about February 2018, the Company and the Investment Firm entered into a Master Participation Agreement.[1]   Under the terms of the Master Participation Agreement, the Company sent the Investment Firm participation schedules that included

---

[1] The Investment Firm entered into the Master Participation Agreement through Affiliate 1.

information for each invoice that the Company offered.   The participation schedules included, among other things, the names of sellers and buyers, gross invoice amounts, insured amounts, amounts to be factored, the Investment Firm's proposed participation amount and the Investment Firm's profit share per invoice.   During the course of the Company's relationship with the Investment Firm, the Company sent the Investment Firm participation schedules in advance of the Investment Firm's potential participation in the factoring of new invoices.   These participation schedules were signed by the defendant PUSHPESH KUMAR BAID.[2]

27.     At around the same time that the Company and the Investment Firm entered in the Master Participation Agreement, the Investment Firm facilitated the opening of a bank account in the Company's name at Bank 2.   In connection with the account-opening process, the Company provided the Investment Firm and Bank 2 with, among other things, the passports of its purported principals, including Co-Coconspirator 2, Co-Conspirator 3 and Individual 1.   The Company's account at Bank 2 had a Deposit Account Control Agreement ("DACA") with an account at Bank 1 in the name of Affiliate 1.   Under the terms of the DACA, funds transferred into the Company's account at Bank 2 were automatically transferred into Affiliate 1's account.   In connection with the execution of the DACA, Individual 1 told Principal 1 to send the agreement to Individual 1 at his address in Queens, New York.

28.     After the Company's account at Bank 2 was opened, the Company's invoices instructed buyers to make wire payments to the Company at Bank 2.   Nevertheless, in

---

[2] The participation schedules were signed via DocuSign, a platform that allows users to, among other things, electronically sign and send agreements.   Records produced by DocuSign included an account in the name of "[The Company] Docusign" that sent numerous Company documents via DocuSign in or about 2019.   The address for the "[The Company] Docusign" account was the address for Individual 1 in Queens, New York.

or about and between February 2018 and September 2018, purported buyers made payments to the Company at Bank 1.   On or about September 13, 2018, the Company received its first payment from a purported buyer at its account at Bank 2.

29.     In or about February 2018, the Investment Firm made its first investment of approximately $2 million for the factoring of invoices with the Company.   The Investment Firm received its expected payments on the invoices and made profits on the investment. During the following year, the Investment Firm participated in the factoring of approximately 1,379 invoices with the Company involving approximately 170 different buyers.   The Investment Firm received payments on those invoices and made profits on its investments.

30.     However, in or about April 2019, Co-Conspirator 1 told Executive 1 that approximately 29 payments on factored invoices had been delayed.   Co-Conspirator 1 stated that a bank had randomly selected wires from buyers to the Company and requested additional information about them.   Co-Conspirator 1 further stated that the wires had been returned to the buyers who had purportedly sent them.

31.     In or about May 2019, a representative of Bank 2 contacted Principal 1 and asked him for information about an entity ("MSB 1"), the identity of which is known to your affiant, which had made wire payments into the Company's account at Bank 2.   Principal 1 had not heard of MSB 1 and subsequently asked Co-Conspirator 1 what it was and why it (as opposed to the buyers) was paying the Company.   Co-Conspirator 1 stated that MSB 1 was a money services business ("MSB") whose sole purpose was to convert local currency to United States dollars.   Prior to this conversation, the Company and its representatives had not disclosed that MSBs were involved in the payment of factored invoices.   On the contrary, the Company

10

and its representatives had stated that payments to the Company (and then to the Investment Firm) were made directly by buyers.

32.     After Co-Conspirator 1 stated that MSB 1 was making payments to the Company, Co-Conspirator 1 stated that other MSBs ("MSB 2" and "MSB 3"), the identities of which are known to your affiant, would be used in place of MSB 1.   In or about May 2019, payments to the Company came from an account in the name of MSB 2.

33.     On or about June 20, 2019, Co-Conspirator 1 forwarded Executive 1 an email purporting to attach a "Trust or Company Service Provider" license for MSB 3.   The document, which purported to be from the Hong Kong Companies Registry, was fake.   A search of the publicly-available database of Hong Kong-licensed providers revealed no entry for MSB 3.

34.     In or about July 2019, the Investment Firm stopped receiving payments from the Company on invoices it had factored.   At that time, the Investment Firm had approximately $31 million in unpaid invoices outstanding.

35.     On or about October 7, 2019, the defendant PUSHPESH KUMAR BAID met with Co-Conspirator 1, Individual 1 and the Principals in New York.   The meeting was consensually recorded.   During the meeting, Co-Conspirator 1 stated, in sum and substance and in part, that: (i) sellers, buyers and MSBs all participated in an integrated payment cycle in which buyers paid MSBs, MSBs paid the Company, the Company paid sellers and the sellers gave money to the MSBs to give back the buyers; (ii) MSBs were involved in a duty-drawback scheme in India, in which they profited through the refunding of duties paid on goods purportedly exported from India; (iii) MSB 1 was controlled by an individual who introduced the

11

Company to the sellers whose invoices it purportedly factored; (iv) Co-Conspirator 1 did not know if the buyers were real companies; (v) the invoices that the Investment Firm factored were inflated; and (vi) shipments from sellers to buyers may not have contained actual products.

36. On or about and between October 8, 2019 and October 9, 2019, the defendant PUSHPESH KUMAR BAID met with Co-Conspirator 1, Individual 1, the Principals and Executive 1 in New York. The meeting was consensually recorded. During the meeting, BAID stated, in sum and substance and in part, that: (i) the Company paid the sellers, the sellers paid the MSBs, and the MSBs used the funds in part to execute their duty drawback scheme; (ii) MSBs were involved in the Company's business from the outset; (iii) MSBs invested some of the Investment Firm's funds in the Indian stock market; (iv) some of the Investment Firm's money was stuck in MSB bank accounts because of an investigation by the Indian government into the duty-drawback scheme; (v) the factored invoices were fabricated; (vi) the buyers did not make payments; and (vii) Individual 2, who previously had been listed as the Company's President and Chief Executive Officer, was involved in forming the Company but had no role in the Company after that.

D. The Defendant's Affiliation With the Purported Sellers

37. In or about September 2016, a purported seller ("Seller 1"), the identity of which is known to your affiant, opened a bank account at Bank 1. The defendant PUSHPESH KUMAR BAID was one of two individuals who signed a "business signature card" in connection with the opening of the account. In or about and between 2018 and 2019, the Investment Firm participated in the factoring of approximately 143 Seller 1 invoices that totaled

approximately $ 14,244,758. The website associated with the purported seller is no longer publicly available.

38. In or about and between October 2017 and April 2019, the Seller 1 bank account received approximately $10,066,519.97 in transfers from two accounts associated with the Company; approximately $200,000 from an account in the name of MSB 1; and millions of dollars in other transfers from other sellers whose invoices the Company was purportedly factoring. During the same period, approximately $281,000 in cash was withdrawn from the Seller 1 account. All of the cash withdrawals were signed by the defendant PUSHPESH KUMAR BAID.

39. The Company also had bank accounts at Bank 1. The defendant PUSHPESH KUMAR BAID was one of three individuals who signed a "business signature card" in connection with the opening of one of the Company's accounts on or about October 3, 2017. The other two signatories on that account were Co-Conspirator 2 and Individual 1.

40. In or about April 2019, another bank account was opened in the name of Seller 1 at a bank headquartered in the state of Georgia ("Bank 3"), the identity of which is known to your affiant. The defendant PUSHPESH KUMAR BAID was not a signatory on that account. In or about and between April 2019 and September 2019, the Seller 1 bank account at Bank 3 received approximately $2.95 million from accounts in the name of the Company or its affiliates. During that same time period, the Seller 1 account transferred approximately $95,000 to an account in the name of BAID.

13

41.     In or about September 2019, a bank account was opened at Bank 3 in the name of MSB 1.   One of the two signatories on the MSB 1 bank account was also a signatory on the Seller 1 account at Bank 3.

42.     In or about April 2019, numerous Limited Liability Companies were registered in Florida in the names of sellers for whom the Company was purportedly factoring invoices.   According to the registered agent for these Florida companies, the defendant PUSHPESH KUMAR BAID requested the registrations of these companies.

43.     On or about January 24, 2020, Individual 2 was deposed in connection with a civil lawsuit brought by the Investment Firm and its affiliates against, among others, the Company and its principals.   Individual 2, who had been listed as a principal of the Company and purportedly signed numerous contracts on its behalf, stated that he/she had never worked for the Company.   Individual 2 further stated that he/she was a friend of the defendant PUSHPESH KUMAR BAID.

III.    Conclusion

WHEREFORE, your affiant respectfully requests that an arrest warrant be issued for the defendant PUSHPESH KUMAR BAID so that he may be dealt with according to law.

14

Because public filing of this document could result in a risk of flight by the

defendant PUSHPESH KUMAR BAID, as well as jeopardize the government's ongoing

investigation, your deponent respectfully requests that this complaint, as well as any arrest

warrant issued in connection with this complaint, be filed under seal.

Dated:   Brooklyn, New York
   January 26, 2021

                 CHRISTOPHER YOUN
                 Special Agent, FBI

Sworn to before me by telephone this
__27__ day of January, 2021

_Cheryl L. Pollak_
_____
THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

15

DG
F.# 2019R01319

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                           P R O P O S E D   O R D E R

     - against -                                 21-MJ-110 (CLP)

PUSHPESH KUMAR BAID,
also known as, "PK Jain,"

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

        Upon the application of SETH D. DuCHARME, Acting United States Attorney

for the Eastern District of New York, by Assistant United States Attorney David Gopstein, for an

order unsealing the complaint and arrest warrant in the above-captioned matter.

        WHEREFORE, it is ordered that the complaint and arrest warrant in the above-

captioned matter be unsealed.

Dated:    Brooklyn, New York
         January 29, 2021

*Cheryl L. Pollak*

_____
HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

**Query    Reports    Utilities    Help    What's New    Log Out**

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: 1:21-mj-00110-CLP-1

Case title: USA v. Baid                                    Date Filed: 01/27/2021

---

Assigned to: Chief Magistrate Cheryl L.
Pollak

### Defendant (1)

**Pushpesh Kumar Baid**
*also known as*
PK Jain

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:1349.F | |

---

### Plaintiff

| **USA** | represented by | **David Norwich Gopstein** |
|---|---|---|
| | | U.S. Attorney's Office, Eastern District of New York |
| | | 271 Cadman Plaza East |
| | | Brooklyn, NY 11201 |
| | | 718-254-6153 |
| | | Fax: 718-254-6076 |
| | | Email: david.gopstein@usdoj.gov |
| | | *LEAD ATTORNEY* |

21

*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/27/2021 | 1 | SEALED COMPLAINT as to Pushpesh Kumar Baid (1). (Attachments: # 1 Sealing Cover Sheet) (Chin, Felix) (Entered: 01/27/2021) |
| 01/29/2021 | 3 | Order to Unseal Case as to Pushpesh Kumar Baid. Ordered by Chief Magistrate Cheryl L. Pollak on 1/29/2021. (Chin, Felix) (Entered: 01/29/2021) |

# MINUTE ORDER

## Magistrate Judge Chris M. McAliley

| Atkins Building Courthouse - 6th Floor | Date: 1/29/2021 | Time: 1:30 p.m. |

Defendant: Pushpesh Kumar Baid    J#: 21172-104    Case #: 21-2178-MJ-MCALILEY

AUSA: Joseph Schuster    Attorney: Dorothy Kafka (Temp.)

Violation: WARR/COMPLAINT/USDC for the ED/NY/Conspiracy to commit wire fraud    Surr/Arrest Date: 1/28/2021    YOB: 1981

Proceeding: Initial Appearance      CJA Appt: _____

Bond/PTD Held: ○ Yes ☒ No    Recommended Bond: PTD

Bond Set at: Stip PTD w/ right to revisit    Co-signed by: _____

☐ Surrender and/or do not obtain passports/travel docs

Language: English

☐ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services
   Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses, except through counsel

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: _____

☐ Other: _____

Disposition:
- Def consents to VTC
- Def advised rights/charges
- Gov't req PTD
- Stip PTD w/ right to revisit

Time from today to _____ excluded from Speedy Trial Clock

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
| --- | --- | --- | --- | --- |
| Report RE Counsel: | | | | |
| PTD/Bond Hearing: | 2/3/2021 | @ 10AM | DUTY | MIA |
| Prelim/Arraign or Removal: | 2/3/2021 | @ 10AM | DUTY | MIA |
| Status Conference RE: | | | | |

D.A.R. 14:47:40      Time in Court: 7 mins

s/Chris M. McAliley      Magistrate Judge

# COURT MINUTES

## Magistrate Judge Jonathan Goodman

**King Building Courtroom 11-3**          Date: 2/3/21          Time: 10:00 a.m.

Defendant: Pushpesh Kumar Baid          J#: 21172-104          Case #: 21-2178-MC

AUSA: Stephanie Hauser          Attorney: Fernando Tamayo (TEMP)

Violation:  WARR/CMP/E/D/NY/CONSP/COMMIT WIRE FRAUD

Proceeding: PTD/REMOVAL          CJA Appt:

Bond/PTD Held: ⌒ Yes   ⌒ No          Recommended Bond: PTD

Bond Set at:          Co-signed by:

| | |
|---|---|
| ☐ Surrender and/or do not obtain passports/travel docs | Language:  English |
| ☐ Report to PTS as  directed/or _____ x's a week/month by phone: _____ x's a week/month in person | **Disposition:**<br>**Hearing Reset.** |
| ☐ Random urine testing by Pretrial Services _____<br> Treatment as deemed necessary | |
| ☐ Refrain from excessive use of alcohol | |
| ☐ Participate in mental health assessment & treatment | |
| ☐ Maintain or seek full-time employment/education | |
| ☐ No contact with victims/witnesses | |
| ☐ No firearms | |
| ☐ Not to encumber property | |
| ☐ May not visit transportation establishments | |
| ☐ Home Confinement/Electronic Monitoring and/or<br> Curfew _____ pm to _____ am, paid by _____ | |
| ☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment | |
| ☐ Travel extended to: _____ | Time from today to _____ excluded from Speedy Trial Clock |
| ☐ Other: _____ | |

**NEXT COURT APPEARANCE**   Date:          Time:          Judge:          Place:

Report RE Counsel:

PTD Hearing:   2/9/2021 at 10:00am (MIA DUTY COURT)

Removal:          2/9/2021 at 10:00am (MIA DUTY COURT)

Status Conference RE:

D.A.R.  JG_01_02-03-2021/ Zoom(12:27pm)          Time in Court: 2 mins.

# COURT MINUTES

## Magistrate Judge Alicia M. Otazo-Reyes

**Atkins Building Courthouse - 10th Floor**     Date: 2/9/21     Time: 10:00 a.m.

Defendant: Pushpesh Kumar Baid     J#: 21172-104     Case #: 21-mj-2178-McAliley

AUSA: Manuel Reboso     Attorney: Fernando Tamayo (Temp)

Violation: Warrant/Complt/ED/NY/Conspiracy to Commit Wire Fraud

Proceeding: Detention/Removal Hearing     CJA Appt: _____

Bond/PTD Held: ◯ Yes ☑ No     Recommended Bond: Temp Ptd

Bond Set at: Continued temp PTD     Co-signed by: _____

☐ Surrender and/or do not obtain passports/travel docs     Language: English

☐ Report to PTS as directed/ _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: _____

☐ Other: _____

**Disposition:**
Defense counsel requested a reset

Request granted

Waiver of personal appearance

Time from today to _____ excluded from Speedy Trial Clock

**NEXT COURT APPEARANCE**     Date:     Time:     Judge:     Place:

Report RE Counsel: _____

PTD/Bond Hearing: 2/18/21   10:00 a.m.   Dtz   Miami

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R. 10:54:38     Time in Court: 3 min

# COURT MINUTES

## Magistrate Judge Lauren F. Louis

**Atkins Building Courthouse - 11th Floor**        Date: 2/18/21        Time: 10:00 a.m.

Defendant: Pushpesh Kumar Baid        J#: 21172-104    Case #: 21-2178-MJ-MCALILEY

AUSA: David Gopstein/Lindsey Friedman        Attorney: Fernando Tamayo/Dorothy Kafka

Violation:   WARR/CMPLT/ED/NY - CONSP WIRE FRAUD

Proceeding:  Removal/Detention        CJA Appt:

Bond/PTD Held: ⚆ Yes   ⚆ No        Recommended Bond: PTD

Bond Set at:        Co-signed by:

| | | |
|---|---|---|
| ☑ | **Surrender and/or do not obtain passports/travel docs** | Language:  English |

☑ **Report to PTS as directed/or** _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☑ **Participate in mental health assessment & treatment**

☐ Maintain or seek full-time employment/education

☑ **No contact with victims/witnesses; Govt to provide list w/in 24 hrs.**

☑ **No firearms**

☐ Not to encumber property

☐ May not visit transportation establishments

☑ **Home Confinement/GPS Monitoring** and/or Curfew _____ pm to _____ am, **paid by Defendant**

☑ **Allowances: Medical needs, court appearances, attorney visits**

☑ **Travel extended to:  E/D of N.Y. (for court only) w/notice***

☑ **Other: Defendant to reside w/girlfriend at address on record**

**Disposition:**

*Defendant consented to appear via video*

*Pretrial Detention hearing held based on risk of flight; Govt proffered; Defense proffered*

*The Court sets $300K CSB & $200K PSB cosigned by girlfriend and nephew; the Court inquired of cosignors*

*Defendant waives removal; Order of removal executed*

*\*provided to USPO w/in 72 hrs of travel, and other leave to be pre-approved by PTS\**

Time from today to _____ excluded from Speedy Trial Clock

**NEXT COURT APPEARANCE**    Date:        Time:        Judge:        Place:

Report RE Counsel:

PTD/Bond Hearing:

Prelim/Arraign or Removal:

Status Conference RE:

D.A.R.  11:10:58        Time in Court:   40 mins

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No: 21-2178-McAliley

United States of America
     Plaintiff,
    v.

                          Charging District's Case No.  21-MJ-110

Pushpesh Kumar Baid,
     Defendant.

_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the **Eastern District of New York.**

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

    ☑ An identity hearing and production of the warrant.

    ☐ A preliminary hearing.

    ☐ A detention hearing in the Southern District of Florida.

    ☐ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 2/18/21

                                _in court_
                                Defendant's Signature

                                Lauren F. Louis
                                United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN     DISTRICT     OF**
**FLORIDA**
Case No. 21-2178-McAliley

United States of America
        Plaintiff,

    v.

Pushpesh Kumar Baid,
        Defendant.

_____/

## ORDER OF REMOVAL

It appearing that in the **Eastern District of New York**, an Indictment was filed against the above-named defendant on a charge of **CONSPIRACY TO COMMIT WIRE FRAUD**, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Lauren F. Louis  at Miami, Florida, which officially committed the defendant for removal to the **Eastern District of New York**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Lauren F. Louis for removal and posted bail in the amount of $ 300 k UL /200 k psb  which was approved by the United States Magistrate Judge Lauren F. Louis, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Miami, Florida on 2/18/21.

_____
Lauren F. Louis
United States  Magistrate Judge

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____

CASE NO.: _____21-2178-McAliley_____

UNITED STATES OF AMERICA:

                Plaintiff,

v.

PUSHPESH KUMAR BAID

                Defendant,

_____/

USM # : _____21172-104_____

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ __200,000 (PSB)_____

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

**DEFENDANT:** Pushpesh Kumar Baid
**CASE NUMBER:** 21-2178-McAliley
**PAGE TWO**

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

X a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

X b. Report to Pretrial Services as follows: (X) as directed or___ time(s) a week in person and___ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

X e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

X i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

X j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

X k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

___ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

___ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: Pushpesh Kumar Baid
CASE NUMBER: 21-2178-McAliley
PAGE THREE

X o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( **X** ) ability to pay as determined by the U.S. Probation Officer – or – (   ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

**X** Active GPS Monitoring

__ Voice Recognition

__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

X Home Detention: You are restricted to your residence at all times except for:

( X) medical
(   ) substance abuse or mental health treatment
( X) court appearances
( X) attorney visits or court ordered obligations
(   ) religious services
(   ) employment
(   ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by (   )Pretrial Services or (   ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

(   ) employment
(   ) education
(   ) religious services
(   ) medical, substance abuse, or mental health treatment
(   ) attorney visits
(   ) court appearances
(   ) court ordered obligations
(   ) reporting to Pretrial Services
(   ) other _____

— q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

31

**DEFENDANT:** Pushpesh Kumar Baid
**CASE NUMBER:** 21-2178-McAliley
**PAGE FOUR**

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

    1. ( )  Defendant may not have contact with victim(s), or any child under the age of 18, unless approved
        by the Court or allowed by the U.S. Probation Officer.

    2. ( )  The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.

    3. ( )  Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.

    4. ( )  Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.

    5. ( )  Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account
        or social media account. Must provide monthly or upon request, personal phone and credit card
        billings to Pretrial Services to confirm there are no services with any internet services provider.

    6. ( )  Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.

    7. ( )  The defendant shall not be involved in any children's or youth organizations.

    8. ( )  Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.

    9. ( )  The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

_X_ u. May travel to and from: E/D of NY (for court only) w/notice* w/in 72 hrs. , and must notify Pretrial Services of travel plans before leaving and upon return.

_X_ v. Comply with the following additional conditions of bond:
    Defendant to reside with girlfriend at address on record

DEFENDANT: Pushpesh Kumar Baid
CASE NUMBER: 21-2178-McAliley
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

**DEFENDANT:** Pushpesh Kumar Baid
**CASE NUMBER:** 21-2178-McAliley
**PAGE SIX**

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 22 day of February , 20 21 at Miami , Florida

Signed and acknowledged before me; DEFENDANT: (Signature) _on behalf of Pushpesh Baid_

WITNESS: _____ Miami Florida
                                                  City                      State

Miami          Florida
   City              State                         FERNANDO TAMAYO
                                                   028530

### CORPORATE SURETY

Signed this _____ day of _____ , 20 ___ at _____ , Florida

SURETY: _____          AGENT: (Signature) _____

_____                   PRINT NAME: _____
   City              State

### INDIVIDUAL SURETIES

Signed this 22 day of February , 20 21 at Miami , Florida     Signed this 22 day of February , 20 21 at Miami , Florida

SURETY: (Signature) _____          SURETY: (Signature) _____

PRINT NAME: Silvia Ycaza                      PRINT NAME: Aryan Baid

RELATIONSHIP TO DEFENDANT: Girlfriend         RELATIONSHIP TO DEFENDANT: Nephew

Miami          Florida                         Miami          Florida
   City              State                         City              State

Signed this ___ day of _____ , 20 ___ at _____ , Florida     Signed this ___ day of _____ , 20 ___ at _____ , Florida

SURETY: (Signature) _____          SURETY: (Signature) _____

PRINT NAME: _____                   PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____            RELATIONSHIP TO DEFENDANT: _____

_____                     _____
   City              State                         City              State

### APPROVAL BY THE COURT

Date: 2/23/21                      _____
                                   LAUREN FLEISCHER LOUIS
                                   UNITED STATES MAGISTRATE JUDGE

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: F500-000126

CASE NO.: 21-2178-McAliley

UNITED STATES OF AMERICA:

Plaintiff,

v.                                                   USM # : 21172-104

PUSHPESH KUMAR BAID

Defendant,
_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 300,000 (CSB)_____

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

**DEFENDANT:** Pushpesh Kumar Baid
**CASE NUMBER:** 21-2178-McAliley
**PAGE TWO**

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

X a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

X b. Report to Pretrial Services as follows: (X) as directed or___ time(s) a week in person and___ time(s) a week by telephone;

__ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ d. Refrain from ____ excessive OR ___ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

X e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ f. Employment restriction(s): _____

__ g. Maintain or actively seek full-time employment;

__ h. Maintain or begin an educational program;

X i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

X j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

X k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

__ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

__ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

__ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: Pushpesh Kumar Baid
CASE NUMBER: 21-2178-McAliley
PAGE THREE

<u>X</u> o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on (✗) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

 __ Location monitoring technology at the discretion of the officer

 __Radio Frequency (RF) monitoring (Electronic Monitoring)

 ✗ Active GPS Monitoring

 __ Voice Recognition

 __ Curfew: You are restricted to your residence every day from____ to____, or as directed by the supervising officer.

OR

 <u>X</u> Home Detention: You are restricted to your residence at all times except for:

  ( X ) medical

  ( ) substance abuse or mental health treatment

  ( X ) court appearances

  ( X ) attorney visits or court ordered obligations

  ( ) religious services

  ( ) employment

  ( ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

  ( ) employment

  ( ) education

  ( ) religious services

  ( ) medical, substance abuse, or mental health treatment

  ( ) attorney visits

  ( ) court appearances

  ( ) court ordered obligations

  ( ) reporting to Pretrial Services

  ( ) other _____

— q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

 r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18
—  U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: Pushpesh Kumar Baid
CASE NUMBER: 21-2178-McAliley
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved
     by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account
     or social media account. Must provide monthly or upon request, personal phone and credit card
     billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

_X_ u. May travel to and from: E/D of NY (for court only) w/notice* **w/in 72 hrs** , and must notify Pretrial Services of travel plans before leaving and upon return.

_X_ v. Comply with the following additional conditions of bond:
     Defendant to reside with girlfriend at address on record

DEFENDANT: Pushpesh Kumar Baid
CASE NUMBER: 21-2178-McAliley
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: Pushpesh Kumar Baid
CASE NUMBER: 21-2178-McAliley
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 20nd day of February , 20 21 at Miami , Florida

DEFENDANT: (Signature) _on behalf of Pushpesh Baid_

Signed and acknowledged before me:

WITNESS: _____

Miami / Florida
City / State

Miami / Florida
City / State

_Fernando Tamayo_
_Florida Bar 28530_
No:

### CORPORATE SURETY

Signed this 23RD day of February , 20 at Miami , Florida

SURETY: ROCHE SURETY AND CASUALTY CO., INC

AGENT: (Signature) _____

Miami / Florida
City / State

PRINT NAME: Bert Velunza

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

City / State

Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

City / State

Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

City / State

Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

City / State

## APPROVAL BY THE COURT

Date: 2/23/21

LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

**FEDERAL POWER OF ATTORNEY**

**ROCHE** SURETY AND CASUALTY CO., INC.

4107 N. Himes Avenue • 2nd Floor • Tampa, FL 33607
(813) 623-5042 • (800) 789-3899 • Fax (813) 623-5939

**NOT VALID IF USED IN STATE COURT**

THIS DOCUMENT IS MULTICOLORED, PRINTED ON WATERMARKED PAPER, CONTAINS A VOID PANTOGRAPH AND MICRO PRINT BORDERS ON THE FACE AND PRINTING ON THE BACK

THIS POWER VOID IF NOT USED BY: **07/22/21**   POWER NO. **F500-000126**

KNOW ALL MEN BY THESE PRESENTS THAT **ROCHE SURETY AND CASUALTY CO., INC.**, a corporation duly organized and existing under the laws of the State of Florida, and by the authority of the Resolution adopted by the Board of Directors at a meeting duly called and held on November 25, 1996, for said Resolution has not been amended or rescinded, does constitute and appoint and by these presents does make, constitute and appoint

**305 BAIL BONDS LLC** by **BERT VELUNZA**

its true and lawful Attorney-in-Fact or Agent for it and in its name, place and stead to execute, seal and deliver for and on its behalf and as its act and deed as surety, a bail bond only. Authority of such Attorney-in-Fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.

This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Immigration Bonds. This Power void if altered or erased, void if used with other powers of this company or any other surety company power, void if used to furnish bail in excess of the stated face amount of this Power, and can only be used once. Return Power only to **ROCHE SURETY AND CASUALTY CO., INC.** Provided that the authority of such Attorney-in-Fact to bind the Company shall not exceed the sum of:

**\* \* \* NOT TO EXCEED FIVE HUNDRED THOUSAND DOLLARS \* \* \***

and provided this Power of Attorney is filed with the bond and retained as a part of the court records. The said Attorney-in-Fact is hereby authorized to insert in this Power of Attorney the name of the person on whose behalf this bond was given. IT IS UNLAWFUL TO PRINT THIS FORM WITHOUT WRITTEN CONSENT OF ROCHE SURETY AND CASUALTY CO., INC. HOME OFFICE.

IN WITNESS WHEREOF, **ROCHE SURETY AND CASUALTY CO., INC.** has caused these presents to be signed by its duly authorized Attorney-in-Fact, proper for the purpose

and its corporate seal to be hereunto affixed this date: **02|23|2021**   , State Executed: **FLORIDA**

Defendant **BAID**      **PUSHPESH**      **KUMAR**   Race **ASIAN** Sex **MALE** D.O.B. **04|12|1981**
                Last Name              First              Middle

Appearance Date _____   Court **US DISTRICT COURT SOUTHERN DISTRICT** City **MIAMI** _____ County **MIAMI-DADE**

Case No. **21-2178-McALILEY** Charges **CONSPIRACY TO COMMIT WIRE FRAUD**

Bond Amount $ **300,000**   Coll. Code _____

Premium $ **45,000**   Re-Write No. _____   By: _____ Attorney-in-Fact

COURT INSTRUCTIONS: Upon Exoneration detach certificate of discharge and return to Roche Surety And Casualty Co., Inc.

Pink: Agent Copy
White: Certificate of Discharge
Yellow: Insurance Co. Copy
Original: Court Copy

(seal: ROCHE SURETY AND CASUALTY CO., INC. INCORPORATED MARCH 1981 SEAL FLORIDA)